UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
MATTHEW LEAVENS, *on behalf of herself and all others similarly situated*,

            Plaintiff,

   -against-                              **ORDER**
                                                17-CV-7360 (JMA) (GRB)

TRANSWORLD SYSTEMS, INC.,

            Defendant.
----------------------------------------------------------X

**AZRACK, District Judge:**

      On December 18, 2017, through his attorneys Sanders Law, PLLC, plaintiff Matthew Leavens commenced this action against Transworld Systems, Inc.

      On May 31, 2018, counsel for defendant filed a letter requesting a pre-motion conference concerning a motion for judgment on the pleadings to dismiss the action. Plaintiff never responded to the letter. On June 18, 2018, this Court issued an Order directing that plaintiff file a response to defendant's pre-motion letter by June 29, 2018. Plaintiff was warned that failure to respond may result in dismissal of the action for failure to prosecute. It appears that counsel for plaintiff has received each and every Notice of Electronic Filing on this case.

      To date, plaintiff has not responded to that motion or otherwise communicated with the Court.

      Rule 41(b) provides, "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). The Second Circuit considers five principal factors when reviewing a district court's order of dismissal for failure to prosecute:

> (1) the duration of the plaintiff's failures, (2) whether plaintiff had received notice that further delays would result in dismissal, (3) whether defendant is likely to be prejudiced by further delay, (4) whether the district judge has taken care to strike the balance between alleviating the court calendar congestion and protecting the party's right to due process and a fair chance to be heard, and (5) whether the judge has adequately assessed the efficacy of lesser sanctions.

Shannon v. Gen. Elec. Co., 186 F.3d 186, 193–94 (2d Cir. 1999) (quoting Nita v. Conn. Dep't of Envtl. Prot., 16 F.3d 482, 485 (2d Cir. 1994)).  Generally, no single factor is dispositive.  Id. at 194.

Plaintiff has failed to respond to defendant's pre-motion conference request and the Court's Order.  The Court warned plaintiff that failure to respond could result in the dismissal of the case.  Plaintiff's failure to comply with the Court's Order constitutes grounds for dismissal.  Accordingly, plaintiff's complaint is dismissed, and the Clerk of Court is directed to close this case.

**SO ORDERED.**

Dated: August 9, 2018
Central Islip, New York

                                                        /s/ JMA
                                        JOAN M. AZRACK
                                        UNITED STATES DISTRICT JUDGE